Argued and submitted June 6, reversed and remanded September 6, reconsideration denied November 9, 1989, petition for review allowed January 4, 1990 (309 Or 231)

# PRITCHARD,
*Appellant,*

*v.*

# CITY OF PORTLAND,
*Third-Party Plaintiff - Respondent,*

*v.*

# BRADFORD et al,
*Third-Party Defendants - Respondents.*

(A8706-03648; CA A50539)

778 P2d 984

David Brian Williamson, St. Helens, argued the cause for appellant. With him on the brief was Williamsons & Hunnicutt, St. Helens.

Harry Auerbach, Deputy City Attorney, Portland, argued the cause and filed the brief for respondent City of Portland.

No appearance for respondents Carol L. Bradford and Alfred O. Panek.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action for damages, alleging that he suffered personal injury and property damage when he rode his motorcycle past a stop sign into an intersection and collided with a pickup truck. He alleged that the stop sign was obscured by vegetation because of defendant City of Portland's (city) negligence. City alleged as an affirmative defense that it was immune from liability under ORS 30.265(3)(c). It also brought a third-party action for indemnity and contribution against the owners of the property abutting the stop sign.[1] The trial court granted city's motion for summary judgment. It held that city was not liable, because it had imposed both the duty to maintain vegetation and the liability for failure to do so on the abutting landowners by enacting Portland City Code §§ 16.26.240[2] and 20.40.080B and C.[3] We reverse.

[1] Third-party defendants have not appeared in this appeal.

[2] Portland City Code 16.26.240 provides, in part:

"(b) Unobstructed view of traffic signs. It is unlawful for any person, firm or corporation, owning, in possession of, occupying or having control of any premises within the City, to plant, maintain or allow any tree, shrub, bush or plant to partially or wholly obstruct the visibility of a stop sign, or regulatory sign, for a minimum distance of 100 feet as viewed from the normal vehicular approach.

"Any and all such forbidden vegetation is hereby declared to constitute a nuisance, and it shall be the duty of the person responsible therefor to remove the same or trim and keep trimmed the same so that unobstructed view is maintained.

"(c) The person, firm or corporation, owning, in possession of, occupying or having control of any such premises within the City, shall be liable to any person who is injured or otherwise suffers damage by reason of the failure to remove or trim such vegetation as required by Titles 16, 17 and 20 of the Code of the City of Portland. Furthermore, said person, firm, or corporation shall be liable to the City of Portland for any judgment or expense incurred or paid by the City, by reason of said person, firm or corporation's failure to satisfy the obligations imposed by Titles 16, 17 and 20 of the Code of the City of Portland."

[3] Portland City Code 20.40.080 provides, in pertinent part:

"B. It is the duty of every owner of property adjacent to which or in front of which any tree is standing on any street and of every owner of property upon which any tree standing which projects into the street to maintain and prune such tree using proper arboricultural procedures, according to the requirements for tree branch clearance over street 16 and 17 of the Code of the City of Portland. The Forester shall give with each permit printed standards for proper arboricultural procedures.

"C. Every property owner shall be liable to any person who is injured or otherwise suffers damage by reason of the property owner's failure to maintain or prune trees as required by Titles 16, 17 and 20 of the Code of the City of Portland. Furthermore, every property owner shall be liable to the City of Portland for all expenses, including attorney fees, incurred by the City in defense of or paid by the City in settlement or satisfaction of any claim, demand, action or suit brought by reason of that property owner's failure to satisfy the obligations imposed by Titles 16, 17 and 20 and 33 of the Code of the City of Portland."

At common law a city can be held liable for failure to fulfill its duty to maintain public streets and sidewalks but can exempt itself from liability by imposing the responsibility for maintenance as well as the liability for failure to maintain on abutting landowners. *Noonan v. City of Portland,* 161 Or 213, 88 P2d 808 (1939). Plaintiff argues that the right of a city to transfer that liability does not survive the passage of the Oregon Tort Claims Act. When plaintiff's claim accrued, ORS 30.265(1) provided:[4]

> "Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598."

In *Brookwell v. Frakes,* 56 Or App 687, 642 P2d 1183, *rev den* 293 Or 340 (1982), and *Papen v. Karpow,* 56 Or App 673, 643 P2d 375 (1982), we declined to address whether the Tort Claims Act precludes a city from exempting itself from liability, because the ordinances involved did not provide alternative remedies that were adequate to replace the right of a party to sue the city. *See Noonan v. City of Portland, supra,* 161 Or at 232.[5] However, the ordinances here make the abutting landowner responsible *and* provide an adequate alternative remedy.

■    Nonetheless, we conclude that the exemption does not survive. The language of ORS 30.300 is clear:

> "ORS 30.260 to 30.300 is exclusive and supersedes all

---

[4] ORS 30.265(1) was amended by Oregon Laws 1985, chapter 731, section 31.

[5] In *Fitzwater v. Sunset Empire,* 263 Or 276, 502 P2d 214 (1972), decided after the 1968 enactment of the Tort Claims Act, the plaintiff alleged that the defendant had failed to comply with the city ordinance that required the defendant to remove snow and ice from the public sidewalk. The plaintiff sought to hold the defendant liable on the theory that he had created a public nuisance in failing to comply with the ordinance. The Supreme Court refused to hold the abutting owner liable, holding that the ordinance ran to the municipality and not to the plaintiff. Although arguably the case implies that a city could exempt itself from liability after the passage of the Tort Claims Act, we do not believe that that conclusion is warranted. The Tort Claims Act was not at issue in the case, and the Supreme Court has stressed that the act withdraws governmental immunity from tort actions unless one of the exceptions stated in the act applies. *Bradford v. Davis,* 290 Or 855, 861, 626 P2d 1376 (1981).

home rule charter provisions and conflicting laws and ordinances on the same subject."

In *Weaver v. Lane County,* 10 Or App 281, 499 P2d 1351 (1972), the plaintiff had sought to bring a claim under *former* ORS 368.940, which created a special cause of action in tort against counties because of defects in county roads. The cause of action was an exception to common law immunity. We held that the language of ORS 30.300 and ORS 30.320[6] is a clear indication that the legislature intended that tort claims against a public body could be brought only under the Tort Claims Act. Therefore, no claim could exist under ORS 368.940.

The situation here is the converse. Instead of creating an *exception* to common law immunity, the city's ordinance seeks to *apply* a common law exception to liability. However, we conclude that the statutory exclusivity that the court discussed in *Weaver v. Lane County, supra,* precludes the city from exempting itself. Together, ORS 30.265(1) and ORS 30.300 make the city liable for its torts, notwithstanding any ordinance, unless one of the legislatively enacted exclusions applies.

■ The city argues that, if the exemption contained in the ordinance does not survive, it is nonetheless immune. ORS 30.265(3)(c) provides an exception from the Tort Claims Act for

"[a]ny claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Plaintiff's complaint alleges only negligence in failing to inspect for and remove foliage that obscured plaintiff's vision of the stop sign. Failure to inspect and remove foliage are not discretionary acts, and city does not contend that they are. It argues, instead, that it is immune because its decision to impose liability on an abutting landowner is discretionary.

---

[6] ORS 30.320 provides, in part:

"An action may be maintained against any governmental unit mentioned in ORS 30.310 for liability in tort only as provided in ORS 30.260 to 30.300."

That may be true; however, as we said earlier, the Tort Claims Act precludes it.[7]

Reversed and remanded.

---

[7] The issue we decide is whether the city can immunize itself from liability by adoption of the ordinance. We make no determination as to the effect of the ordinance on an abutting landowner's potential liability. Therefore, we make no determination on the merits of the city's counterclaim for indemnification against third-party defendants.