Argued and submitted February 8, the decision of the Court of Appeals affirmed and
the judgment of the circuit court reversed August 16, 1990

Randolph PRITCHARD,
*Respondent on Review,*

*v.*

CITY OF PORTLAND,
*Petitioner on Review,*

*v.*

Carol L. BRADFORD and
Alfred O. Panek,
*Respondents (below).*

(TC A8706-03648; CA A50539; SC S36564)

796 P2d 1184

Harry Auerbach, Deputy City Attorney, City of Portland, argued the cause and filed the petition for petitioner on review.

David Brian Williamson, St. Helens, argued the cause and filed a response to the petition for respondent on review.

Before Peterson, Chief Justice, and Carson, Jones,** Gillette, Van Hoomissen, Fadeley and Unis, Justices.

UNIS, J.

---

** Jones, J., resigned April 30, 1990.

## UNIS, J.

Plaintiff sued the City of Portland (City) for personal injury and property damages allegedly caused by the City's failure to keep a stop sign clear of foliage. The issue presented in this case is the efficacy of city ordinances to exempt the City from liability in such cases. The trial court entered a summary judgment for the City on the basis of the ordinances. The Court of Appeal reversed. We affirm the decision of the Court of Appeals, but on different grounds.

According to plaintiff's complaint, on June 9, 1985, plaintiff rode his motorcycle past a stop sign that was obscured by foliage and collided with a pickup truck in the intersection. Plaintiff's complaint alleged that the City was negligent

"a)   In failing to take special attention and necessary action to see that trees and shrubbery did not obscure the face of the sign;

"b)   In failing to inspect to insure that the sign was not obscured by foliage;

"c)   In failing to discover that the sign was obscured by foliage;

"d)   In failing to remove or trim the foliage obscuring the sign; and

"e)   In failing to remove or trim back the foliage near the sign to allow for ordinary growth of the foliage without it obscuring the sign."

In its answer to plaintiff's complaint, the City raised two affirmative defenses. First, it alleged that plaintiff had failed to state a claim, "because the duty to keep foliage from obstructing the visibility of a stop sign rests solely with the person, firm or corporation owning, in possession of, occupying or having control of the premises [abutting or adjacent to the stop sign]." Second, it alleged that it was immune from liability under ORS 30.265(3)(c) of the Oregon Tort Claims Act.[1] The City also brought a third-party action for indemnity

---

[1] ORS 30.265(3)(c) provides:

"(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

and contribution against the owners of the property abutting the stop sign.[2] The City then moved for summary judgment. The City argued that Portland City Code (PCC), Sections 16.26.240(b) and (c),[3] and 20.40.080 B and C[4] relieved it of any

[2] Third-party defendants have not appeared in this appeal.

[3] PCC Sections 16.26.240(b) and (c) provided at the pertinent time:

"(b) Unobstructed view of traffic signs. It is unlawful for any person, firm or corporation, owning, in possession of, occupying or having control of any premises within the City, to plant, maintain or allow any tree, shrub, bush or plant to partially or wholly obstruct the visibility of a stop sign, or regulatory sign, for a minimum distance of 100 feet as viewed from the normal vehicular approach.

"Any and all such forbidden vegetation is hereby declared to constitute a nuisance, and it shall be the duty of the person responsible therefor to remove the same or trim and keep trimmed the same so that unobstructed view is maintained.

"(c) The person, firm or corporation, owning, in possession of, occupying or having control of any such premises within the City, shall be liable to any person who is injured or otherwise suffers damage by reason of the failure to remove or trim such vegetation as required by Titles 16, 17 and 20 of the Code of the City of Portland. Furthermore, said person, firm, or corporation shall be liable to the City of Portland for any judgment or expense incurred or paid by the City, by reason of said person, firm or corporation's failure to satisfy the obligations imposed by Titles 16, 17 and 20 of the Code of the City of Portland."

[4] The Court of Appeals, relying on the City's representation, mistakenly referred to language in PCC 20.40.080 B and C, which was added to PCC 20.40.080 by amendment on March 12, 1987, almost two years after plaintiff's accident. The relevant City ordinance that was in effect at the time plaintiff was allegedly injured and to which the City undoubtedly referred was *former* PCC 20.40.050. That section then provided:

"(a) Responsibility for trimming trees, standing in or on any street or private grounds or having branches projecting into the street, shall be trimmed by the owners of the property adjacent to or in front of which such trees are growing and shall be done according to the requirements for tree branch clearance over street and sidewalk areas and signs as set forth in Title 16 and 17 of the Code of the City of Portland.

"(c) The adjacent property owners shall be liable to any person who is injured or otherwise suffers damage by reason of the property owner's failure to trim trees as required by Titles 16, 17, and 20 of the Code of the City of Portland. Furthermore, said adjacent property owner shall be liable to the City of Portland for any judgment or expense incurred or paid by the City by reason of said property owner's failure to satisfy the obligations imposed by Title 16, 17, and 20 of the Code of the City of Portland.

"(d) Whenever the owner or owners, lessees, occupants, or persons in charge of private grounds shall neglect or refuse to trim any tree as provided in this Section, the Superintendent may trim or treat or cause to be trimmed or treated such tree. The person remedying the condition shall be authorized to enter the premises for that purpose.

"* * * * *

"(f) Nothing in this Ordinance shall be deemed to impose any liability upon any member of the City Council or the City, or any of its officers or employees nor to relieve the owner of any private property from the duty to trim trees in accordance with Titles 16, 17, and 20 of the Code of the City of Portland."

*Former* PCC 20.40.050 was amended, and the section as a whole was renumbered

duty to keep foliage from obstructing the visibility of a stop sign and imposed that duty instead solely on the abutting property owners. The trial court agreed with the City and entered judgment in its favor.

The Court of Appeals reversed. *Pritchard v. City of Portland,* 98 Or App 226, 778 P2d 984 (1989). It determined that "the [City's] ordinances here make the abutting landowner responsible *and* provided an adequate alternative remedy" and, therefore, exempted the City from liability. 98 Or App at 229 (emphasis in original). Nonetheless, the court held that the exemption did not survive because, in that court's view, ORS 30.265(1) and ORS 30.300 of the Oregon Tort Claims Act preclude a city from exempting itself from tort liability. *Id.,* 98 Or App at 229-31. We granted review.

The City attempts to avoid any common law liability that it may have to maintain within its boundaries the visibility of stop signs, free of obstruction by vegetation, *see Donaca v. Curry County,* 303 Or 30, 734 P2d 1339 (1987), on two grounds. First, the City argues, in effect, that it bestowed tort immunity on itself when it enacted PCC Sections 16.26.240 and *former* 20.40.050. Those ordinances, the City contends,

"place exclusive responsibility on abutting property owners for the maintenance of visibility of stop signs, free of obstruction by vegetation. These ordinances also impose liability upon the property owners to persons injured by the property owners' failure to meet their responsibility under the code. Under established Oregon law, the City therefore had no residual duty and was not liable to plaintiff in tort for any injury he might have suffered by reason of an obscured stop sign."

Second, the City argues that:

"If the City Code provisions do not extinguish the City's [common law liability] in this case altogether, then the choice made by the City Council to delegate the responsibility and liability to the abutting property owners constitutes the performance of a discretionary function, for which the City is immune from liability [under ORS 30.265(3)(c) of the Oregon Tort Claims Act]."

as part of a revision of Chapter 20.40 by Ordinance No. 159490, effective March 12, 1987.

In response to the first argument, plaintiff contends that the provisions upon which the City relies do not *exempt* the City from liability, but instead impose concomitant responsibilities and liability on abutting property owners. We agree with plaintiff.

■ Neither PCC 16.26.240 nor *former* PCC 20.40.050 purports to exempt the City from any common law liability that it might have to an injured party for negligent failure to maintain the visibility of a stop sign. Those sections simply require abutting landowners to maintain the visibility of traffic signs and subject them to liability for failure to perform that obligation. The only part of either provision that refers to *the City's* liability is found in *former* PCC 20.40.050(f), which provided:

> "Nothing in this Ordinance shall be deemed to impose any liability upon any member of the City Council or the City, or any of its officers or employees nor to relieve the owner of any private property from the duty to trim trees in accordance with Titles 16, 17 and 20 of the Code of the City of Portland."

That provision merely prevents any term of the ordinance from imposing a *new* liability on the City. For instance, the City would not be liable for a failure by an abutting property owner to obey the ordinance and remove foliage that is obscuring a stop sign. Subsection (f) of *former* PCC 20.40.050, however, does not exempt the City from any liability that it might have to an injured party arising out of the City's own negligent failure to remove foliage.

In several cases, this court has analyzed the constitutionality under Article I, section 10, of the Oregon Constitution[5] of a city's charter or ordinance that explicitly gave the city tort immunity.[6] Those decisions considered whether the

---

[5] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[6] By contrast with the Portland city ordinances at issue in this case, the charter or ordinance provision in each of those cases *explicitly* exempted the city from liability. For instance, the Astoria city charter in *Noonan v. Astoria,* 161 Or 213, 88 P2d 808 (1939), provided:

"It is not only the duty of all owners of land within the city to keep in repair all sidewalks, constructed or existing in front of, along or abutting upon their respective lots * * * but such owners are hereby declared to be liable for all damages to

city had provided the plaintiff with another substantial remedy. *See, e.g., Mattson v. Astoria,* 39 Or 577, 65 P 1066 (1901) (city charter provision which purported to exempt *both* the city and its officers from liability to an injured party for damages resulting from defective streets invalidated); *Noonan v. Astoria,* 161 Or 213, 88 P2d 808 (1939) (a provision of the city charter which exempted the city from liability but did not attempt to immunize the city officers from suit held not to infringe upon the guaranteed remedy provision of Article I, section 10, of the Oregon Constitution). 161 Or at 216. *See generally Hale v. Port of Portland,* 308 Or 519, 523, 783 P2d 506 (1989)[7] (discussing the viability of municipal immunity under Article I, section 10, of the Oregon Constitution). Plaintiff argues that to the extent the ordinances at issue in this case purport to exempt the City from liability, it is necessary to determine whether they are constitutional under Article I, section 10, of the Oregon Constitution. We need not reach any constitutional question under Article I, section 10, because, as we have already held, the ordinances at issue do not exempt the City from any common law liability that it might have to an injured party for negligent failure to keep a stop sign clear of foliage.

■        The City's alternative argument is that, "[i]f the City Code does not extinguish the City's duty in this case altogether, then the choice made by the City Council to delegate the responsibility and liability to the abutting property

whomsoever resulting, arising from their fault or negligence in failing to put any such sidewalk in repair, after the owner or agent thereof has been notified as provided * * *."

161 Or at 247-48. The Astoria city charter then stated:

   *"No recourse shall be had against the City for damage or loss to person or property suffered or sustained by reason of the defective condition of any sidewalk, street avenue, * * * but in such case the person or persons on whom the law may have imposed the obligation to repair such defect in the sidewalk, street or public highway, or in the sewer, and also the officer or officers through whose official negligence such defect remains unrepaired shall be jointly and severally liable to the party injured for the damage sustained." (Emphasis added.)

161 Or at 216.

   [7] In the cases discussed in *Hale v. Port of Portland,* 308 Or 508, 783 P2d 506 (1989), the city had immunized itself, and the constitutional analysis turned on whether a cause of action against a municipal officer or employee was or would be an adequate substantial other remedy. Our prior cases did not consider whether immunizing the city, its officers and employees, but creating a potential cause of action against a third party, is a substantial other remedy adequate to satisfy Article I, section 10, of the Oregon Constitution.

owners constitutes the performance of a discretionary function, for which the City is immune from liability" under ORS 30.265(3)(c) of the Tort Claims Act. That argument misses the mark, for two reasons. First, it assumes incorrectly that the ordinances "delegate" *all* potential responsibility and liability to abutting landowners. As discussed above, we do not read the ordinances that way. Second, plaintiff is not suing the City for its exercise of a policy choice, such as the decision to place responsibility and liability on landowners. Rather, plaintiff is suing the City for its negligence in failing to keep a stop sign clear of foliage.[8]

Nothing in the trial record demonstrates that that alleged act or omission involves the performance of a discretionary function. *See Miller v. Grants Pass Irrigation,* 297 Or 312, 320-22, 686 P2d 324 (1986) (discussing concept of "discretionary function"); *Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980) (same). For further discussion of the concept of a "discretionary function or duty," *see* Comment, *Oregon's Discretionary Interpretation of Discretionary Immunity,* 22 Willamette L Rev 147 (1986).

The decision of the Court of Appeals is affirmed on different grounds, and the judgment of the circuit court is reversed.

---

[8] The negligence alleged in plaintiff's complaint is failure to inspect, discover, trim and remove foliage obscuring the stop sign.