Argued and submitted June 20, reversed and remanded October 10, 1990

Betty EGNER,
*Appellant,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(A8801-00026; CA A60441)

798 P2d 721

Gordon T. Carey, Jr., Portland, argued the cause and filed the briefs for appellant.

Harry Auerbach, Deputy City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff's decedent was fatally injured when she was struck by an automobile in a crosswalk at S.E. 119th and Division in Portland. Plaintiff brought this wrongful death action against the city, alleging that it was negligent in its decision to change the crosswalk from a marked to an unmarked one, in removing some but not all of the surface material and lighting that marked the crosswalk and in failing to warn pedestrians that the marked crosswalk had been removed when the city knew or should have known that some pedestrians would not realize that fact. The trial court granted the city's motion for summary judgment, and plaintiff appeals. We reverse and remand.

In July, 1986, Coleman, a district traffic engineer for the city, went to S.E. 119th and Division to perform a site inspection for the purpose of deciding whether a traffic signal should be installed at that location. During the course of that inspection, he decided that the existing marked crosswalk should be changed to an unmarked one. Coleman's recommendation was based on his conclusion that the location of the crosswalk did not conform to the city's policy on marked crosswalk locations and on his "engineering judgment" that it was not a safe location for a crosswalk, because the traffic flow and the length of the crossing made the location unsafe for a marked crosswalk. The city's policy, adopted by a city council resolution, provides that marked crosswalks are installed

> "[a]t intersections or nonintersectional locations at least 150 feet from the nearest intersection or painted crosswalk * * * and [where] 25 or more pedestrians cross for each of any six hours, or 100 or more for each of any two hours, and where an engineering study determines it is necessary to define the crossing location."

Coleman's recommendation was approved by his supervisor, and work orders were issued. Later, in July, the city's maintenance crews began the removal work. The method that they used to remove the thermoplastic marking material that had designated the marked crosswalk did not succeed in eliminating all of it. They used a grinder and also attempted to remove the material by hand, using metal bars to chip it. The city also removed an overhead illuminated crosswalk sign and advance warning signs. However, it left

two lights in place, which had illuminated the crosswalk. The city did not own the lights, but they were on city property. Plaintiff's theory is, generally, that the residual markings and lights caused the decedent to think that the marked crosswalk was still there but that there was nothing to cause the driver of the vehicle to share that perception.

The trial court granted a summary judgment on all of plaintiff's specifications. It concluded that the decision to remove the marked crosswalk was discretionary and immune under ORS 30.265(3)(c).[1] It also ruled that the city had no duty to warn and that any negligence in the way that the city attempted to remove the marking was not the cause of the accident, because pedestrians and drivers have the same duties at unmarked crosswalks as at marked ones. Plaintiff assigns error to each of the rulings.

■ Even assuming that, in the light of *Lowrimore v. Dimmitt,* 310 Or 291, 797 P2d 1027 (1990), Coleman's actions would have been protected by discretionary immunity if he had followed the city's policy,[2] *see Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980), the evidence in the summary judgment proceeding does not establish that Coleman followed the policy.[3] No one performed a pedestrian count, as required by the policy, to determine whether the volume came within the limits set in the policy. Furthermore, we do not agree with the city and the trial court that Coleman's visual site inspection, as a matter of law or under the city's evidentiary showing, satisfied the "engineering study" requirement of the policy. In the absence of a showing of contrary legislative intent, the brief visual inspection that Coleman performed would not qualify as a "study." As the

---

[1] ORS 30.265(3)(c) immunizes governmental bodies from liability for claims "based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

[2] Our discussion also assumes that the resolution could apply to removal, as well as installation, of sidewalks. There appears to be some question whether it does. Plaintiff says in her opening brief that she

"has assumed, for purposes of arguing the motion below, and this appeal, that the standards set forth in the * * * resolution for the installation would govern removal. However, the resolution does not specifically state it applies to removal."

[3] Our holding is based on the evidentiary showing that was made in the summary judgment proceeding. We do not foreclose the possibility that a factual showing might be made at trial that Coleman did comply with the policy.

term is used in the policy, it implies greater detail, formality and communication.

■ The city also argues that its decision to remove the crosswalk in the manner that it did is protected by discretionary immunity, because it was dictated by budgetary actions and the governmental responsibility for the allocation of financial resources. *See Sager v. City of Portland,* 68 Or App 808, 684 P2d 600, *rev den* 298 Or 37 (1984). A decision whether to do maintenance work in a particular manner because of financial constraints might be protected by discretionary immunity. However, we do not agree that negligence in doing the work would share whatever discretionary immunity that the budgetary decision might enjoy. *See Stevenson v. State of Oregon, supra.* Plaintiff alleges that the removal was done in a negligent manner. There are questions of fact on that issue, and summary judgment was not appropriate.

■■ We next address plaintiff's assignment challenging the court's ruling that the negligence in leaving visible markings could not have been causal as a matter of law. The court's conclusion and the city's argument are based on statutes and other rules defining the duties of drivers and pedestrians and providing that those duties do not differ between marked and unmarked crosswalks. The city contends that the marked or unmarked nature or appearance of the crosswalk did not cause the decedent or the driver to do what they did. Plaintiff responds that that reasoning may be relevant to a comparative fault defense but that it has nothing to do with the causal relationship between the city's negligence and the accident. Plaintiff also says:

> "[N]either the negligence of the driver nor the negligence on the part of [the decedent], if any, could constitute a superseding cause of the fatal accident since the risk of a driver negligently hitting a pedestrian is the very risk the City should have guarded against."

We agree with plaintiff. The possibility that the decedent may have been negligent in entering the crosswalk does not mean that the city's negligence in leaving the residual markings could not have been a substantial contributing cause of her entering it. Indeed, the city council's resolution recites:

> "Studies have shown that, in general, marking a crosswalk has little effect on either safety or driver behavior. *Pedestrians,*

especially the young and the elderly, *tend to feel protected by a marked crosswalk and therefore are less cautious than they would be in an unmarked crosswalk.* Driver behavior, on the other hand, is usually the same whether or not a marked crosswalk exists." (Emphasis supplied.)

The city relies on that language in arguing that, as a matter of law, the work did not create a foreseeable risk of the harm. However, it is at least a permissible inference that the decedent was lulled into the very sense of security that the resolution recognizes, and therefore was lured into the crosswalk, by the city's negligent failure to eradicate the markings completely.

The city's argument in defense of the ruling on the duty to warn issue is, in part, a duplication of its preceding argument and is also incorrect in those particulars. It also contends that it had no duty, because the hazard was as obvious to the decedent as to it. However, there are material issues of fact on that question, and it is not correct that the city could have no duty to warn as a matter of law. *See Fuhrer v. Gearhart By The Sea, Inc.,* 306 Or 434, 760 P2d 874 (1988); *Miller v. Grants Pass Irrigation,* 297 Or 362, 686 P2d 324 (1984). The court erred in granting defendant a summary judgment.

The city's cross-assignment of error is not properly before us.

Reversed and remanded.