Argued and submitted June 26, reversed and remanded October 14, 1992

Tiana TOZER,
*Appellant,*

*v.*

CITY OF EUGENE
and Robert Noble,
*Respondents,*
*and*

Jeffrey HALE;
Gretchen Holt,
Personal Representative of the Estate of
Laurine Needham Kingsley, Deceased;
and Juan Mejia,
*Defendants.*

(16-90-02312; CA A70369)

838 P2d 1104

Douglas G. Schaller, Eugene, argued the cause for appellant. With him on the briefs were Arthur C. Johnson, Don Corson and Johnson, Clifton, Larson & Bolin, P.C., Eugene.

William F. Gary, Eugene, argued the cause for respondents. With him on the brief were James E. Mountain, Jr., Charles M. Zennache and Harrang Long Watkinson Arnold & Laird, P.C., City Attorneys, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff was injured in an automobile accident that she contends was caused by the negligence of defendants City of Eugene and Noble, the city's traffic operations supervisor,[1] in failing to inspect, trim and maintain the vegetation near a stop sign. As a result, plaintiff alleges, the driver whose vehicle collided with hers was unable to see the sign, failed to stop, and the accident ensued. The trial court granted defendants' motion for summary judgment. Plaintiff appeals, and we reverse.

The ground for defendants' motion is that they enjoy discretionary immunity under ORS 30.265(3)(c). They presented evidence that tended to show that the city's traffic sign inspection and maintenance program was developed through an exercise of policy judgment. Plaintiff argues, however, that her claim includes allegations that defendants were negligent in performing the maintenance work on the particular sign in question. She contends that, even if defendants are immune from claims based on the development of the city's program, any negligence in the implementation of the program or in the performance of particular maintenance activities is not sheltered by discretionary immunity. Plaintiff is correct in those respects. *See Pritchard v. City of Portland*, 310 Or 235, 796 P2d 1184 (1990); *Egner v. City of Portland*, 103 Or App 623, 798 P2d 721 (1990).

Defendants argue that the judgment should nevertheless be affirmed, because plaintiff produced no evidence tending to show that the maintenance activities were performed negligently. Plaintiff responds that the summary judgment motion was based on and supported by evidence that went only to the discretionary immunity defense, that defendants produced no evidence tending to negate their negligence and that, under those circumstances, she was not required to produce evidence of negligence in order to resist the summary judgment. Again, plaintiff is correct. In *Reed v. Jackson County*, 105 Or App 24, 31-32, 803 P2d 1194 (1990), *rev den* 311 Or 261 (1991), we addressed and rejected an argument similar to the one that defendants make here:

---

[1] We refer to them as defendants. The other defendants are not parties to the appeal.

"We do not agree with the county's understanding that *Seeborg [v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978),] establishes a general rule that a defendant may obtain a summary judgment merely by showing the plaintiff's current lack of proof of an essential fact that it might ultimately have to prove at trial, if the defendant produces no evidence tending to prove the nonexistence of the fact. Were the county's understanding of *Seeborg* correct, it would have been meaningless for the court to have assigned any burden to the moving party 'as to those issues upon which the opposing party would have the trial burden.' "

Reversed and remanded.