Argued and submitted March 6, the decision of the Court of Appeals and the judgment of the circuit court reversed and remanded to the circuit court for further proceedings September 20, Lowrimore's petition for reconsideration denied October 23, Marion County's petition for reconsideration denied November 6, 1990

Norma Jean LOWRIMORE,
*Petitioner on Review,*

*v.*

Rockie Allen DIMMITT,
*Defendant,*

*and*

The COUNTY OF MARION,
*Respondent on Review.*

(CC 87C-11686; CA A50448; SC S36705)

797 P2d 1027

J. Michael Alexander, of Burt, Swanson, Lathen, Alexander & McCann, Salem, argued the cause and filed the petition for petitioner on review.

Jane Ellen Stonecipher, Assistant Marion County Legal Counsel, Salem, argued the cause for respondent on review. With her on the response to the petition was Daryl S. Garrettson, Assistant Marion County Legal Counsel, Salem.

Before Peterson, Chief Justice, and Carson, Jones,** Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

PETERSON, C. J.

---

** Jones, J., resigned April 30, 1990.

**PETERSON, C. J.**

This is an action against Marion County for personal injuries allegedly sustained by the plaintiff when her vehicle was struck by an automobile driven by Rockie Dimmitt as he was being pursued by a Marion County deputy sheriff.[1] In her complaint she alleges:

> "Defendant Marion County, by and through its agents, were guilty of negligence in the manner in which they conducted the chase of Defendant Dimmitt's vehicle, in that their chase of such vehicle was operated at a speed which was greater than reasonable and prudent under the circumstances, including the nature of the offense for which they were pursuing Defendant Dimmitt, the general road conditions and congestion, and all of the other facts and circumstances surrounding such pursuit."

The parties stipulated that the foregoing allegations would permit proof that the police officer should have terminated the chase before the collision occurred.

The trial court granted the county's motion for summary judgment. The Court of Appeals affirmed, stating: "Whether it is the initial decision to begin the chase or a failure to discontinue the chase at some point, the pursuing officer's decision is discretionary and, therefore, immune under the Oregon Tort Claims Act, even when the risk of harm to the public is foreseeable. ORS 30.265." *Lowrimore v. Dimmitt,* 99 Or App 192, 195-96, 781 P2d 411 (1989). (Footnote omitted.) We reverse the Court of Appeals and the judgment of the circuit court.

This is yet another case that involves the question whether an employee or governmental entity whose act otherwise would give rise to tort liability is "immune from liability" because the claim is "based upon the performance of or the failure to exercise or perform a discretionary function or duty." ORS 30.265(3)(c).

ORS 30.265(3)(c) provides in part:

"(3) Every public body * * * [is] immune from liability for:

---

[1] Rockie Dimmitt was also named a defendant in the case. Dimmitt made no appearance and an order of default was entered against him.

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

In a series of opinions interpreting ORS 30.265(3)(c), this court has stated that public bodies are immune from respondeat superior tort liability if the conduct of the employee whose acts are alleged to create the liability involved the exercise of "policy judgment."

*McBride v. Magnuson*, 282 Or 433, 578 P2d 1259 (1978) is an example. The plaintiff brought an action for damages against a Portland police officer for interfering with the plaintiff's right to custody of her eight-month-old son. Her complaint alleged that the officer " 'intentionally, maliciously and without probable cause, caused [her son] to be placed in protective custody[.]' " 282 Or at 435. The defendant claimed discretionary immunity under ORS 30.265(3)(c). The court held: "Because the complaint alleges facts which, if proved, would establish plaintiff's right to recover for an intentional, malicious and unjustified interference with custody of her child," the complaint stated a claim. 282 Or at 435.

Concerning immunity, the opinion states:

"Defendant claims immunity on the premise that she was necessarily engaged in a 'discretionary' official act within the meaning of *Jarrett v. Wills,* 235 Or 51, 383 P2d 995 (1963) [superintendent of state institution for mentally deficient persons was held immune from tort liability for granting leave to an inmate because the relevant statute and regulations in broad terms delegated that responsibility to him], and similar decisions. However, her authority to exercise discretion does not appear on the face of the complaint or in ORS 418.745-418.775. Of course, making an investigation and a report involves judgment and evaluation of factual circumstances. Many officers or employees carrying out the functions entrusted to them by others must frequently assess facts and choose how to act or not to act upon them. But not every exercise of judgment and choice is the exercise of discretion. It depends on the kind of judgments for which responsibility has been delegated to the particular officer. Discretion, as this court has noted in other contexts, involves 'room for policy judgment,' *Smith v. Cooper,* 256 Or 485, 502, 475 P2d 78, 45 ALR3d 857 (1970), *quoting Dalehite v. United States,* 346 US

15, 36 (1953), or the responsibility for deciding 'the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued,' *Antin v. Union High School Dist. No. 2,* 130 Or 461, 469, 280 P 664 (1929). It involves the delegated responsibility for 'assessment and ranking of the policy objectives explicit or implicit in the statute' and for the judgment that one or more of these objectives will be served by a given action, *Dickinson v. Davis,* 277 Or 665, 673, 561 P2d 1019 (1977)." 282 Or at 436-37.

In 1980, this court decided *Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980). It involved a claim of negligence against the state on two alternative factual theories. One was that signal lights controlling an intersection were malfunctioning and showed green in both directions. The other was that the arrangement and design of the signals were misleading so that motorists, in rounding a curve, would be led to believe that a traffic light controlling traffic on another street in fact controlled traffic on the street on which the plaintiff was traveling. The state was alleged to be negligent in failing to shield the traffic light so as to prevent this misleading effect. There was a verdict for the plaintiff and the state appealed.

On the question of whether the acts of the Highway Division employees in designing and constructing the traffic light gave rise to immunity under ORS 30.265(3)(c), the opinion states:

"One clue to whether governmental discretion was exercised is to examine the level of administration at which the decision claimed to be 'discretionary' was taken and whether there is evidence of delegation of responsibility for policy choice to that level, as distinguished from the routine decisions which every employe must make in every action he or she takes." 290 Or at 14. (Citations omitted.)

The court rejected the claim of discretionary immunity as a matter of law, stating:

"The case before us is one in which the nature of the underlying decision by highway division employes whether to provide special shielding on the highway traffic lights or to make other changes to eliminate the alleged misleading condition — might or might not have been made in the exercise of governmental discretion." 290 Or at 15.

More recently, in *Little v. Wimmer,* 303 Or 580, 588,

739 P2d 564 (1987), the court stated, "In the absence of evidence that the decision was made as a policy judgment by a person or body with governmental discretion, the decision is not immune from liability." *See also Bradford v. Davis,* 290 Or 855, 865, 626 P2d 1376 (1981) (question turns on whether the individual had been delegated responsibility for a "policy judgment").

■■ These precedents state the rule that immunity will apply to decisions involving the making of policy, but not to routine decisions made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action. A traffic officer's decision to pursue a vehicle such as the Dimmitt vehicle, though discretionary in the sense that it involves the exercise of judgment and choice by the officer, is not one that qualifies its maker to immunity under ORS 30.265(3)(c). The making of the decision to pursue does not create any departmental policy and was not made by a person "with governmental discretion." *Little v. Wimmer, supra,* 303 Or at 588. Although the decision to pursue may have been made pursuant to a county departmental policy, the decision itself is not a policy judgment within the meaning of *McBride v. Magnuson, supra,* and *Stevenson v. State of Oregon, supra.*[2]

We turn then to the second question: Under the evidence before the trial court, viewing it in the light most favorable to the plaintiff, is there any evidence of negligence on the part of the police officer?

The record shows that at about 2:50 p.m. on April 4, 1987, Deputy Sheriff Phillips was operating a marked patrol vehicle in a residential area in Salem. A car with expired plates drove by. Phillips turned around and began to pursue the vehicle (which was operated by Dimmitt). The Dimmitt

---

[2] In connection with alleged negligence in the making of a policy decision or in following a policy decision, ORS 30.265(1) provides:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *."

For a discussion of discretionary immunity under the Oregon Tort Claims Act, *see* Comment *Oregon's Discretionary Interpretation of Discretionary Immunity,* 22 Will L R 147 (1986).

vehicle began to pull away, leading to a high-speed pursuit.

■ Under the facts before us, the officer was not negligent in *instituting* the pursuit, for police officers have express authority to stop and detain persons for traffic infractions, ORS 810.410(3)(b). In contrast, the decision to *continue* the pursuit may expose the county to some liability. The officer decided to pursue Dimmitt because the license plate on Dimmitt's car had expired. There is no evidence that the pursuing officer knew more than that about the driver. The pursuit continued at speeds of 80-90 miles per hour through populated sections of Salem in which the posted speed was 25 miles per hour. Before reaching the intersection where the collision between Dimmitt's car and the plaintiff's car occurred, Dimmitt and the officer went through a four-way stop without stopping.

Continuing a high-speed chase under the circumstances present in this case might be found to create a risk of harm to others using the highway. A trier of fact might reasonably find that the pursued driver would injure third persons as a foreseeable consequence of the pursuit by the police officer. Dimmitt's actions may have been a more direct cause of the plaintiff's harm in the sense that the collision involved their cars, but given the nature of the risk created by the high-speed pursuit, injury to third persons may be found to be a foreseeable result of the officer's continuation of the pursuit.[3] *See Rice v. Hyster Co.*, 273 Or 191, 205, 540 P2d 989 (1975).

We cannot say, as a matter of law, that there is no evidence of negligence on the part of the pursuing officer. This is best left to a jury to decide.[4]

The decision of the Court of Appeals and the judg-

---

[3] ORS 820.300(1) authorizes drivers of emergency vehicles, among other things, to exceed speed limits, and to "proceed past a red signal or stop sign." However, ORS 820.300(2)(a) states that such provisions "[d]o not relieve the driver of an emergency vehicle or ambulance from the duty to drive with due regard for the safety of all other persons." An "emergency vehicle" includes a vehicle equipped with lights and sirens and operated by a police officer. ORS 801.260.

[4] For a collection of cases discussing the liability of public bodies and police officers in high-speed chases, *see* Annotation, *"Liability of Governmental Unit or its Officers for Injury to Innocent Occupant of Moving Vehicle, or for Damage to Such Vehicle, as Result of Police Chase,"* 4 ALR 4th 865 (1981).

ment of the circuit court are reversed. The case is remanded to the circuit court for further proceedings.