Argued and submitted February 25, reversed and remanded June 26, reconsideration denied August 28, petition for review allowed October 29, 1991 (312 Or 234)

Chrisetta Renese MOSLEY,
a Minor Child,
by her guardian *ad litem*
Lodie Marie Dunn,
*Appellant,*

*v.*

PORTLAND SCHOOL DISTRICT NO. 1J,
*Respondent,*

Nathan JONES,
Wanda Griffin and Margaret Curtis,
*Defendants.*

(A8902-01148; CA A63421)

813 P2d 71

Robert P. VanNatta, St. Helens, argued the cause for appellant. With him on the brief were VanNatta & Petersen, St. Helens, and Robert McKee, Portland.

Gregory A. Chaimov, Portland, argued the cause for respondent. With him on the brief were Jeffrey B. Millner and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a judgment entered on a jury verdict for defendant[1] in this personal injury case. We reverse and remand.

Plaintiff was injured when she was cut by a knife during a fight with another student at one of defendant's high schools. She alleged that defendant was liable for her injuries, because it was negligent in (1) failing to exercise proper supervision of students; (2) failing to provide proper security for students and sufficient security personnel; (3) failing to prevent weapons from being carried into the school building; and (4) failing to stop the attack before the knife was used. Defendant asserted, *inter alia,* the affirmative defense of discretionary immunity. ORS 30.265(3)(c).

Plaintiff's motion to strike the defense was denied, as was defendant's motion for directed verdict based on the immunity defense. The trial court then instructed the jury on the immunity defense,[2] and the jury returned a verdict for defendant. The trial court entered judgment on the verdict. Plaintiff raises several assignments of error. Because we conclude that the trial court erred in submitting the question of immunity to the jury, we need not address plaintiff's other contentions.

Essentially, plaintiff asks this court to decide whether discretionary immunity is a question for the jury or

---

[1] The court entered default judgments against defendants Griffin and Curtis and granted a directed verdict for defendant Jones. Portland School District No. 1J is the only defendant involved in this appeal.

[2] The court instructed the jury:

"If you determine that the risk was reasonably foreseeable, then in considering what measures, if any, the school district should have taken, you will also have to consider that under the law public bodies, that is, public governmental bodies such as the Portland School District, are immune from liability for failure to perform a discretionary act.

"A discretionary act is one that calls for the exercise of policy judgment by the governmental body. If there was a foreseeable risk for which the school district should have taken reasonable precautions, the choice of precautionary measures may be discretionary but the failure to take reasonable precautions is not.

"Defendant has the burden of proving that the subject act or omission constitutes a discretionary act. If you find that it is a discretionary act, then you must find for the defendant."

for the court. She asserts that it is a question of law for the court, because, as a matter of law, defendant has "no discretion to be negligent." Defendant argues that, whether or not immunity is a jury question, we should affirm, because in this case it is immune as a matter of law.

A public body is immune from "[a]ny claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." ORS 30.265(3)(c). In *Lowrimore v. Dimmitt,* 310 Or 291, 296, 797 P2d 1027 (1990), the court explained that

> "immunity will apply to decisions involving the making of policy, but not to routine decisions made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action."

■ That plaintiff misunderstands the immunity defense is apparent from her assertion that defendant does not have "discretion to be negligent." Discretionary immunity means that the public body cannot be held liable even if it has committed acts or omissions that otherwise could give rise to liability. Plaintiff's argument is based on a misreading of a footnote in *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 22 n 20, 734 P2d 1326 (1987):

> "We think that a school principal's failure to take any precautions whatever, if that was unreasonable, is not an exercise of policy discretion, though a school board's choice between expenditures on security personnel or other types of safeguards might be." (Citation omitted.)

The point of that note is that a school district is not immune if it makes no policy decision whatsoever about the safety of its students. If, however, it takes some action, its choices may be protected by immunity.

■ Plaintiff does not assert that defendant failed to take *any* measures to provide for the safety of students; she asserts only that the measures that it did take were inadequate. Therefore, if the decisions about security were policy choices made by a person entitled to exercise governmental discretion, then defendant is immune, as a matter of law, even if its measures were ineffective in a particular instance.

■ The evidence was undisputed that defendant, through the school's principal, has the responsibility for making decisions regarding school security. Defendant made a choice of what security to implement, which involved an allocation of personnel and a policy decision about how best to try to achieve safety. That is the classic type of discretionary policy decision that is immune under ORS 30.265(3)(c), and defendant is immune from the claims that it was negligent in failing to provide proper security and sufficient security personnel and in failing to prevent weapons from being carried into the school building.

■ Defendant is not immune, however, from claims that it was negligent in failing to supervise students properly and in failing to stop the attack before the weapon was used. Those decisions are "routine decisions made by employees in the course of their day-to-day activities * * *." *Lowrimore v. Dimmitt, supra,* 310 Or at 296; *see also Buchler v. Oregon Corrections Div.,* 104 Or App 547, 803 P2d 733 (1990), *rev allowed* 311 Or 266 (1991).

■ Plaintiff was prejudiced by the trial court's jury instruction, because it made it possible for the jury to decide that defendant was immune for actions for which there was no immunity as a matter of law.[3] The court should not have instructed the jury on discretionary immunity and doing that was reversible error.

Reversed and remanded.

---

[3] Immunity is a question of law. *Sager v. City of Portland,* 68 Or App 808, 812, 684 P2d 600, *rev den* 298 Or 37 (1984). If the facts relevant to the issue of immunity are disputed, "the court should identify the facts upon which the jury can find liability and those upon which there can be no liability and instruct the jury appropriately." *Stevenson v. State of Oregon,* 290 Or 3, 17, 619 P2d 247 (1980) (Tanzer, J., concurring). Here, there was no dispute about the facts that relate to immunity.