**Ralph E. THORNTON,
et al., Plaintiffs,**

**v.**

**CITY OF ST. HELENS,
et al., Defendants.**

**Civil No. 02–325–JO.**

United States District Court,
D. Oregon.

Nov. 19, 2002.

James Huffman, Huffman & O'Hanlon, St. Helens, OR, for Plaintiffs.

Keith A. Pitt, Steven A. Kraemer, Hoffman Hart & Wagner, Portland, OR, for Defendants.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiffs Ralph and Cheryl Thornton bring this action against defendants City of St. Helens (the "City") and individual members of the St. Helens City Council ("City Council") for alleged wrongful enactment and/or application of an ordinance concerning the renewal of wrecking yard certificates. Plaintiffs assert claims for violation of the right to due process pursuant to 42 U.S.C. § 1983, the right to equal protection pursuant to 42 U.S.C. § 1982,[1] and tortious interference with contract under the Oregon Tort Claims Act.

This case is now before the court on defendants' motion for summary judgment (# 10), defendants' motion to strike certain evidence (# 27), and plaintiff's motion to amend Ralph Thornton's affidavit (# 29). For the reasons stated below, defendants' motion for summary judgment is denied in part and granted in part. Defendants' motion to strike and plaintiff's motion to amend are denied as moot.[2]

## BACKGROUND

During the relevant time, plaintiffs owned and operated a wrecking yard in the City of St. Helens, Oregon. *See generally* Complaint. State law requires plaintiffs to annually renew their license to operate the wrecking yard with the City Council. ORS 822.125. In late 1998, plaintiffs applied for renewal of their license for 1999. *See* Affidavit of Keith Pitt in Support of Defendants' Motion for Summary Judgment ("Pitt Aff."), Exhibit F, p. 9. On December 10, 1998, the City notified plaintiffs that their renewal application for a wrecking license would be denied for a variety of reasons, including storage of vehicles outside the perimeter fence, improper use of the area outside the perimeter fence, refusal to allow St. Helens Police to inspect, storage of inventory in a city right-of-way, and improper use of a nearby location. *Id.* It appears that the City continued to deny plaintiffs' renewal application over the next several months and, eventually, plaintiff Ralph Thornton commenced an action for declaratory relief against the City in Columbia County Circuit Court. *See* Pitt Aff., Exhibit B.

1. Plaintiffs also cite 42 U.S.C. § 1985(3). *Compare* Complaint, ¶ 2, with Complaint, Claim IV.

2. The court's resolution of the pending motion for summary judgment was not dependent on the disputed evidence.

On April 13, 1999, plaintiffs were permitted to continue operation of their business. Pitt Aff., Exhibit B, ¶ 7. In August 1999, Thornton filed an amended complaint in state court in which he requested a declaratory judgment that ORS 822.135[3] preempts any ordinances or requirements the City may impose and, specifically, a declaration that the City may not prohibit displaying vehicle parts for sale and up to eight vehicles outside the enclosure fence. Pitt Aff., Exhibit C, p. 2. Thornton filed a motion for summary judgment (See Pitt Aff., Exhibit F), which was denied. Pitt Aff., Exhibit G.

On December 1, 1999, the City enacted City Ordinance No. 2808. Pitt Aff., Exhibit I, pp. 9–12. Under Oregon law, wrecking certificates must be renewed annually by a local governing body. ORS 822.125(3). ORS 822.140(1)(a) requires local government approval of wrecking certificates, and states that "an applicant must comply with any regulations established by a city or county under this section and must obtain approval of the governing body of the (a) City, if the business is or will be carried out within an incorporated city of less than 100,000 population." Accordingly, the City Council, as the governing body of the City, enacted Ordinance No. 2808 to "establish[ ] procedures and criteria for review of wrecker certificates." Pitt Aff., Exhibit I, p. 9.[4]

On June 1, 2000, Thornton moved to file a second amended complaint in state court. As pertinent here, Thornton sought to add a claim for a declaration that Ordinance No. 2808 is inconsistent with state law and unenforceable to that extent. *See* Pitt Aff., Exhibit D, ¶ 9(10) and (11). The court denied leave to amend on July 21, 2000. Pitt Aff., Exhibit E. In July 2000, the City moved to dismiss Thornton's amended complaint. Pitt Aff., Exhibit J. The court granted the motion on August 8, 2000, and dismissed Thornton's action with prejudice. Pitt Aff., Exhibit K. Thornton appealed, and on February 6, 2002, the Oregon Court of Appeals affirmed without opinion. Pitt Aff., Exhibit L.

Plaintiffs filed this action in federal court on March 15, 2002. In their complaint, plaintiffs allege that the City denied their wrecker certificate renewal applications for certain periods in 1999, 2000, and 2001. Complaint, ¶¶ 8–10. Plaintiffs allege that the City enacted Ordinance No. 2808 to "discriminate against the plaintiffs and deny [them] equal protection of the laws and fair treatment and due process * * *." Complaint, ¶ 11. Plaintiffs also assert an Oregon Tort Claims Act claim for intentional interference with contractu-

---

**3.** ORS 822.135 outlines specific actions that constitute improperly conducting a wrecking business and states that the penalty for such conduct is conviction of a Class A misdemeanor.

**4.** Ordinance No. *2808* establishes, among others, the following procedures: (1) approval of wrecking certificates is vested in the City Council; (2) the applicant must submit an application to the City Administrator and may submit supporting materials; (3) renewal applications should be submitted no later than the first week of December of the year prior to the requested certificate year; (4) the City Administrator prepares a report setting forth the applicable criteria and relevant evidence, and may make a recommendation to the City Council; (5) the City Administrator schedules a quasi-judicial hearing no less than seven days and no more than thirty days after submission of the application; (6) the applicant, ODOT, and surrounding property owners shall receive notice of hearing; (7) the hearing shall afford procedural due process; (8) standard rules for public hearing shall be followed; (9) the criteria for local approval shall be the criteria identified in ORS 822.140; (10) the City Council's decision shall be in writing and contain findings of fact and conclusions of law; and (11) appeal of the City Council's decision shall be by writ of review or to Land Use Board of Appeals. Pitt Aff., Exhibit I, pp. 10–12.

al relationships. Complaint, ¶¶ 21–23. Plaintiffs seek a declaration that Ordinance No. 2808 is unconstitutional, injunctive relief, and compensatory, economic, and punitive damages.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge,* 865 F.2d 1539, 1542 (9th Cir.1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service,* 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## DISCUSSION

Defendants seek summary judgment in their favor on three grounds. First, they contend that plaintiffs' present claims are precluded by the earlier litigation in Columbia County Circuit Court. Second, defendants contend that plaintiffs' constitutional claims are barred by the doctrine of legislative immunity. Finally, defendants assert that plaintiffs' state law claim is barred by the doctrine of discretionary immunity contained in the Oregon Tort Claims Act. I address these arguments in turn.

### I. *Claim Preclusion*

■ Under Article IV of the U.S. Constitution, the federal government must give full faith and credit to a judgment rendered in a state court. 28 U.S.C. § 1738. Such a judgment has the same preclusive effect in federal court as it would have were the matter brought again in state court. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Preclusive effect is no different in § 1983 claims. *Id.* Therefore, this court applies Oregon law to determine the preclusive effect, if any, of Thornton's earlier action.

■ In Oregon, a claim is barred where a subsequent action is "based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Rennie v. Freeway Transport,* 294 Or. 319, 323, 656 P.2d 919 (1982). However,

> [c]laim preclusion does not require actual litigation of an issue of fact or law. * * * [C]laim preclusion requires that specified characteristics be present in the former action or proceeding before the determination is conclusive on the parties in the future. The opportunity to litigate is required, whether or not it is used. Finality is also required. Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question.

*Drews v. EBI Cos.,* 310 Or. 134, 140, 795 P.2d 531 (1990).

■ The City enacted Ordinance No. 2808, the basis of plaintiffs' present claims, after pleadings were closed in the state court case. The state court judge denied plaintiffs' motion to amend to add a claim concerning Ordinance No. 2808. Plaintiffs' current claims concerning the enactment and/or application of Ordinance No. 2808 were, therefore, not litigated, nor did plaintiffs have opportunity to have their present claims litigated to finality in the state court proceeding. Consequently, I conclude that plaintiffs' present claims are not barred by the doctrine of claim preclusion.

## II. *Legislative Immunity of City Council Members*

■ The individual members of the City Council are afforded absolute legislative immunity for discretionary acts performed within their legislative capacity. *See Bogan v. Scott–Harris*, 523 U.S. 44, 46, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998); *also Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). The rationale for absolute legislative immunity is to ensure that the discretion to legislate is not inhibited or distorted by fear of judicial interference. *Bogan*, 523 U.S. at 52, 118 S.Ct. 966. In *Bogan*, the Supreme Court expressly recognized that the same privilege extends to local legislators acting within the legislative sphere. 523 U.S. at 46, 118 S.Ct. 966.

■ When determining the nature of a legislative act, the decision "turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54, 118 S.Ct. 966. While members of a legislative body may engage in both legislative and ministerial functions, the authority to do so does not affect the analysis of whether or not a given act is legislative. Actions that are "integral steps in the legislative process" or bear "all the hallmarks of traditional legislation" are within the bounds of legislative immunity. *Bogan*, 523 U.S. at 55–56, 118 S.Ct. 966. Decisions encompassing discretion and policymaking, including services to constituents, are considered "integral steps." *Bogan*, 523 U.S. at 55, 118 S.Ct. 966. Activities within the sphere of legislation are distinguished from ministerial duties, which are not afforded immunity. Ministerial acts are those that are mandatory or not within the discretionary function of the legislator. *Bogan*, 523 U.S. at 50, 118 S.Ct. 966. In the Ninth Circuit, determining whether an act is legislative involves a two-part analysis: "(1) whether the act involves ad hoc decisionmaking, or the formulation of policy; and (2) whether the act applies to a few individuals, or to the public at large." *Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir.2002).

### 1. Enactment of Ordinance No. 2808.

■ Plaintiffs assert that the City Council acted outside the legislative sphere in enacting Ordinance No. 2808, and thus the members are not protected by legislative immunity. Plaintiffs characterize the actions of the City Council as "administrative" or "executive," rather than discretionary, in nature. The City, in turn, argues that the enactment of the ordinance is inherently within the legislative sphere.

Under ORS 822.140(1), the governing body of a city with greater than 100,000 residents must provide local approval of all wrecker certificates, and the applicant must comply with any regulations enacted by the local body under this statute. The implementation of a particular program is left to the discretion of the local governing body. The local governing body must grant approval if the applicant is "suitable to establish, maintain or operate a wrecker yard or business." ORS 822.140(2)(a). The statute lists no specific procedures that the local governing body must follow.

The City Council enacted Ordinance No. 2808 to establish local procedures for annual renewal of wrecker certificates. The ordinance reflects a policy decision that affects all wrecking businesses within the City, and its enactment is thus within the legislative sphere. That plaintiffs are the only holders of a wrecker certificate in St. Helens does not change the analysis. The City Council was acting within its discretion in formulating generally applicable policy for local regulation of wrecker certificates.

Moreover, the alleged improper motives of the City Council members acting in their legislative capacities do not alter the analysis. As the Court noted in *Tenney v. Brandhove*,

> the privilege would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives. * * * [I]t [is] not consonant with our scheme of government for a court to inquire into the motives of legislators * * *.

341 U.S. at 377, 71 S.Ct. 783 (citations omitted); *see also Bogan*, 523 U.S. at 54, 118 S.Ct. 966 ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it"). Consequently, to the extent that plaintiffs' claims against the individual City Council members rest on enactment of Ordinance No. 2808, summary judgment must be granted in favor of the individual defendants.

2. Application of Ordinance No. 2808

■■■ Under Ordinance No. 2808, the City Council must determine that "all the requirements of ORS 822.140[are] met in order to obtain local approval of a wrecking certificate." Pitt Aff., Exhibit 9, p. 12. Plaintiffs do not allege that the defendants failed to follow the procedures adopted by the ordinance; instead, they attack the inherent fairness of the procedures established through enactment of the ordinance.

The procedures established in Ordinance No. 2808 affect everyone who has applied or will be applying for a new or renewal wrecker certificate within the city limits. The procedure adopted for approval of wrecking certificates is thus within the legislative sphere, and the individual legislators are entitled to legislative immunity. Consequently, to the extent that plaintiffs' claims against the City Council rest on application of the ordinance, summary judgment in favor of the individual defendants is granted.

3. Injunctive Relief

■■■ Plaintiffs attempt to distinguish *Bogan v. Scott–Harris, supra,* arguing that *Bogan* holds only that legislators are immune from civil damages, not from injunctive relief. Plaintiff's Memorandum of Law in Opposition, p. 4. The Supreme Court has explained, however, that legislative immunity is applicable equally to actions for civil damages and those for prospective relief. *See Supreme Court of Virginia v. Consumers Union, Etc.*, 446 U.S. 719, 731, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (*citing Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975)). Therefore, the individual defendants are immune from plaintiffs' claims for injunctive relief.

III. *Liability of the City of St. Helens*

■■■ Municipalities are not afforded legislative immunity. *See Owen v. City of Independence, Mo.*, 445 U.S. 622, 657, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (legislators may be afforded immunity but municipalities themselves are not afforded immunity for violations of the U.S. Constitution under § 1983). But while "a municipality

can be sued under § 1983, * * * it cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where * * * the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

*Monell v. Dept. of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (footnote omitted). Ordinance No. 2808 is, of course, a formally adopted City ordinance. Thus, at least theoretically, the City could be held liable for unconstitutional actions in respect to the ordinance.

Having said that, however, I am unable to discern from plaintiffs' allegations exactly how they claim the City, as opposed to the City Council members, acted in a way that violated their constitutional rights. Because plaintiffs purport to seek relief against the City, rather than dismiss their complaint at this juncture, I will allow plaintiffs leave to file, within 14 days, an amended complaint that (1) eliminates all constitutional claims against the individual City Council members, and (2) alleges with specificity their constitutional claim(s) against the City itself.

### IV. *The Oregon Tort Claims Act Claim*

■ Plaintiffs' state law claim for tortious interference with contract, brought pursuant to the Oregon Tort Claims Act, also fails. ORS 30.265(3) provides, in part:

> Every public body and its officers, employees and agents acting within the scope of their employment or duties, * * * are immune from liability for: * * * (c) Any claim based upon the per-

formance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

As discussed above, the defendants' actions in enacting Ordinance No. 2808 fall within their discretionary functions. In enacting the ordinance, the defendants made policy choices and selected a process to achieve a particular end. That is the essence of a discretionary decision. *See Hutcheson v. City of Keizer,* 169 Or.App. 510, 518–19, 8 P.3d 1010 (2000) (*citing Mosley v. Portland School Dist. No. 1J,* 315 Or. 85, 91, 843 P.2d 415 (1992)). Plaintiffs do not allege that defendants failed to follow the procedures established in Ordinance No. 2808; rather, they complain that the process established by the ordinance is "contrary to the approval followed by all other cities in the state of Oregon." Complaint, ¶ 12. That may be so, but that choice is within defendants' discretion.

Consequently, defendants' motion for summary judgment on plaintiffs' state law claim is granted.

### CONCLUSION

Defendants' motion for summary judgment (# 10) is granted in part and denied in part as set forth in this opinion. Defendants' motion to strike (# 27) and plaintiffs' motion to amend (# 29) are denied as moot. Plaintiffs are allowed 14 days in which to file an amended complaint in accordance with this decision.