ORTEGA, P. J.
*253 Plaintiff, a high school student, suffered injuries when she was assaulted by another student, Carmack, while trying to stop a fight between Carmack and Jones across the street from Corvallis High School (CHS) during CHS's lunch period. As a result, plaintiff brought a negligence action against defendant Corvallis School District 509J. As relevant on appeal, plaintiff's negligence allegations fell into two general categories: (1) the district failed to supervise the students involved and (2) the district failed to follow and enforce its discipline protocols and anti-violence policies despite knowledge of potential violence between Carmack and Jones. The district moved for summary judgment, arguing that it provided supervision of students during CHS's lunch period, and that decisions as to the manner in which it supervised students on CHS's campus and at off-campus locations during the lunch period were entitled to discretionary immunity. Further, as to plaintiff's allegations that defendant failed to follow its policies even though it knew of the potential for violence between Carmack and Jones, the district asserted that there was no evidence that the district knew or reasonably should have known of the impending fight between Jones and Carmack. The trial court granted summary judgment to defendant and entered judgment dismissing plaintiff's claims. Plaintiff challenges that ruling on appeal, and we affirm.
In reviewing the trial court's summary judgment ruling, we view the evidence in the record in the light most favorable to plaintiff-the nonmoving party-to determine whether there are genuine issues of material fact that preclude summary judgment and whether defendant was entitled to judgment as a matter of law. ORCP 47 C. We state the facts consistently with that standard.
At the time of the assault, plaintiff attended CHS along with Carmack and Jones. CHS was an "open campus," which meant that students could leave campus grounds during the lunch period. One school day during lunch, plaintiff accompanied Jones to an open lot across the street from CHS's campus, located at the intersection of NW 13th Street and NW Buchanan Avenue. Students and staff at CHS were *254 aware that students frequently congregated at that location during lunch or open periods. After Jones and plaintiff arrived, Carmack attempted to fight Jones. Plaintiff and other students tried to prevent the fight. Carmack turned on plaintiff and assaulted her, causing facial fractures, a concussion, and other traumatic injuries. CHS staff were not present at the 13th Street location immediately before or during the assault.
Plaintiff brought a negligence action against the district. The following specific allegations of negligence are at issue on appeal:
"The conduct of defendant Corvallis School District 509J was negligent in one or more of the following ways:
"(a) In failing and neglecting to supervise the plaintiff and defendant Carmack while the minors were in their care and custody;
"* * * * *
"(d) In failing and neglecting to follow its own discipline protocols relating to threats of violence;
"* * * * *
"(f) In failing and neglecting to supervise CHS students during the lunch period at 13th Street, when defendants knew or reasonably should have known that previous fights had occurred at this location and it was likely that further acts of violence would occur at this location;
*748 "(g) In failing and neglecting to enforce its anti-violence policies[.]"
Defendant asserted the affirmative defense of discretionary immunity under ORS 30.265(6)(c) and eventually moved for summary judgment, arguing that it was entitled to immunity on allegations (a) and (f), because those allegations challenged policy decisions made by the district. The district also asserted that it was entitled to summary judgment on allegations (d) and (g), because the record lacked any evidence that the district knew or should have known of the impending fight between Jones and Carmack.
Plaintiff opposed summary judgment, arguing that defendant misunderstood allegations (a) and (f). According *255 to plaintiff, the choice of CHS's principal to allow an open campus was "essentially a choice to not supervise students during the lunch hour and open periods." In plaintiff's view, the choice not to supervise students during the lunch period was an impermissible choice not to exercise any care over students despite the duty to do so. Plaintiff clarified that it was not faulting defendant for "the way it exercised supervision of students within the premises but for its failure to supervise the students at all during periods of the day that it allowed students to leave the premises." As to allegations (d) and (g), plaintiff sought to avoid summary judgment with evidence that Jones and Carmack had a verbal altercation in the school lunchroom a week before the assault, that CHS staff was aware that bullying had occurred that involved Jones, and that Carmack had told a police officer that "everybody knew" she wanted to fight Jones.
Defendant replied to plaintiff's opposition, asserting that uncontroverted evidence in the summary judgment record demonstrated that defendant did in fact provide supervision of students both on and off-campus during the lunch period at CHS. In defendant's view, that meant that plaintiff could not prove that defendant failed to provide any supervision of students. Defendant further argued that, if plaintiff's allegations were understood to assert that defendant was negligent because it did not have any staff at the 13th Street location at the time of the assault, that staffing decision was protected by discretionary immunity.
The trial court explained in a letter opinion that the district was entitled to summary judgment as to allegations (a) and (f), because the "undisputed record of admissible evidence" showed that defendant provided supervision of students during the lunch hour on CHS campus and at the 13th Street location off campus. The court noted that CHS's security supervisor did not have a specific supervision plan that required him to be at certain places at certain times, but that decisions as to the number and location of security personnel within a high school were discretionary policy choices entitled to immunity under ORS 30.265(6)(c). As to the remaining negligence allegations, the court concluded that there was no admissible evidence showing that *256 defendant "had any knowledge or could have had any knowledge" that Jones and Carmack "were going to get into a fight at the location off campus during the lunch hour" on that day. Accordingly, the court determined that no reasonable factfinder could return a verdict for plaintiff on allegations that the district failed to follow its discipline and anti-violence policies in the matter.
On appeal, plaintiff challenges the court's ruling, basically reprising her arguments made below. Before we discuss plaintiff's appellate arguments as to allegations (a) and (f), we provide a brief overview of discretionary immunity under ORS 30.265(6)(c) because it provides useful context to our analysis. Under that statutory provision, "Every public body and its officers, employees and agents acting within the scope of their employment or duties *** are immune from liability for: *** Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." Discretionary immunity is an affirmative defense and the burden to prove that it applies is on the public body. John v. City of Gresham , 214 Or. App. 305, 311, 165 P.3d 1177 (2007). Discretionary immunity applies to policy judgments made by a person or body with governmental discretion that are "decisions involving the making of policy, but not *749 to routine decisions made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action." Lowrimore v. Dimmitt , 310 Or. 291, 296, 797 P.2d 1027 (1990).
The Supreme Court addressed how the defense functions in cases involving the supervision of high school students in Mosley v. Portland School Dist. No. 1J , 315 Or. 85, 843 P.2d 415 (1992). Mosley involved a negligence action brought against a school district for injuries sustained in a fight on school grounds during the lunch period. Id. at 87, 843 P.2d 415. The plaintiff alleged that the district negligently failed to exercise proper supervision of students, failed to provide proper security and sufficient security personnel for protection of students when the district knew that students carried weapons at school, failed to prevent weapons from being brought into school, and failed to stop the attack quickly enough. Id.
*257 In Mosley , the court distilled a set of principles from its prior discretionary immunity cases to conclude that:
"A public body that owes a particular duty of care (such as that owed by a school district to its students who are required to be on school premises during school hours) has wide policy discretion in choosing the means by which to carry out that duty. The range of permissible choices does not, however, include the choice of not exercising care. Normally, a choice within the permissible range, in order to qualify for immunity, is one that has been made by a supervisor or policy-making body. On the other hand, the choice to follow or not to follow a predetermined policy in the face of a particular set of facts involving the safety of a particular individual normally is not a discretionary policy choice entitled to immunity ***."
Id. at 92, 843 P.2d 415 (internal citations omitted). Applying those principles in Mosley , the court concluded that the district had established discretionary immunity as to the plaintiff's allegations that the defendant had failed to exercise proper supervision of students. The court noted that, on their face, decisions related to the "location of security personnel to supervise the general student body at the school at any particular time" were a matter of discretion. Id. The court further explained that the record established that those decisions within the plaintiff's high school "were responsibilities entrusted by the school board and the superintendent to the school principal, who was the responsible policy-making official within the school." Id . Because the principal's decisions on the number and allocation of security personnel were matters involving "room for policy judgment" and "the adaptation of a means to an end," those choices were "classic policy choices that are entitled to discretionary immunity." Id. at 93, 843 P.2d 415 (internal quotation marks omitted).
With those principles in mind, we turn to plaintiff's appeal. As noted, plaintiff's allegations (a) and (f) both allege a failure to supervise students. Specifically, allegation (a) asserts that defendant negligently failed to supervise plaintiff and Carmack while the minors were in the district's care and custody. Allegation (f) alleges a failure to supervise CHS students at the 13th Street location despite knowledge of previous fights at that location.
*258 Plaintiff, recognizing that Mosley generally provides that a school's decisions about "the number and allocation of" security personnel are entitled to discretionary immunity, attempts to distinguish allegations (a) and (f) from those that the court addressed in Mosley by arguing that she has alleged that "defendant exercised the choice of not exercising care." That is, as we understand her argument, she maintains that the decision to allow an open campus during lunch period means that defendant made the decision to not exercise any supervision of students during the lunch period even though it owed the students a duty to do so. As the court noted in Mosley , although public bodies have wide policy discretion in choosing the means to carry out a duty of care, "[t]he range of permissible choices does not, however, include the choice of not exercising care." Id . at 92, 843 P.2d 415. In plaintiff's view, this case is more like Fazzolari v. Portland School Dist. No. 1J , 303 Or. 1, 22 n. 20, 734 P.2d 1326 (1987), in which the Supreme *750 Court concluded that a school district's choice not to take any security precautions whatsoever on school grounds at a time when the district knew students would be on the grounds was not an exercise of policy discretion.
Plaintiff's argument fails because, as the trial court pointed out, the summary judgment record establishes that defendant did exercise supervision of students on the CHS campus and at the 13th Street off-campus location over the lunch period. In particular, uncontroverted evidence shows that, during lunch, "administrators generally supervise students both on campus and at off campus locations where students are known to congregate." CHS's student behavior specialist, Strowbridge, was primarily tasked by the school's principal with supervising students at lunch and "would walk around campus and what he deemed to be appropriate off campus locations to keep a supervisory presence." Those off-campus locations included the 13th Street location, where Strowbridge would sometimes go multiple times a day, and sometimes not at all during the day. Given the record, the trial court did not err in concluding that there is no genuine issue of material fact that defendant supervised students during the lunch period on CHS's campus and at the off-campus 13th Street *259 location.[1] Accordingly, plaintiff's allegations that the district exercised no supervision of students during the lunch period at the 13th Street location fail as a matter of law.[2]
Next, we consider plaintiff's allegations (d) and (g), in which she asserted that defendant negligently failed to follow its own discipline protocols and anti-violence policies, despite knowledge of the impending fight between Jones and Carmack. The crux of the dispute below and on appeal is whether there was a genuine issue of material fact that defendant knew or should have known about the impending fight. Accordingly, we limit our discussion to that point.
In opposition to summary judgment, plaintiff pointed to three items of evidence to support her position. First, Strowbridge testified that he knew that Jones "complained a lot that she was being picked on" and would "pick on a lot of kids," and he also recalled her involvement in prior "bullying-type situations." Second, plaintiff declared that one week before her assault, Carmack and Jones had an argument in the CHS lunchroom that caused a commotion. Third, a police report contains a reported statement from Carmack that "everybody knew" that she wanted to fight Jones. The trial court concluded that none of that evidence was sufficient to allow a reasonable factfinder to find that defendant should have had specific knowledge that the fight between Jones and Carmack would occur, noting that "the closest thing" offered by plaintiff as to defendant's knowledge was the statement by Carmack that "everybody knew" she wanted to fight Jones. The court noted that statement might not be admissible "for a number of reasons"[3] but *260 that, even if it was admissible, it fell "far short" of evidence that defendant knew or should have known of the impending fight.
On appeal, plaintiff argues that Strowbridge's testimony that he knew of Jones's involvement in bullying behavior and plaintiff's declaration about the lunch room commotion created a genuine issue of material fact that defendant knew or should have known of the impending fight. Notably, she does not point to Carmack's statement in the police report.
*751 We conclude that, even if Carmack's "everybody knew" statement is admissible, the summary judgment record does not contain evidence legally sufficient to support a finding that defendant had or should have had specific knowledge that the fight between Jones and Carmack would occur. First, nothing in Strowbridge's testimony indicates any knowledge about specific instances of bullying or conflict between Jones and Carmack. Second, there is no evidence that the verbal dispute between Jones and Carmack in the lunchroom one week before the assault was witnessed by or reported to any district employee. And finally, simply put, Carmack's vague statement that "everybody knew" that she wanted to fight Jones would not allow a reasonable factfinder to conclude, without resorting to impermissible stacking of inferences and speculation, that district employees knew that she wanted to fight Jones. Thus, the court did not err in granting summary judgment to defendant.
Affirmed.

Plaintiff also argues on appeal, in the context of the trial court's summary judgment ruling, that the court should have granted plaintiff leave to amend her complaint to "better specify" her allegations of negligence pertaining to 13th Street. Specifically, she indicates that she wanted to allege that, because the district knew of prior assaults at the 13th Street location, defendant was negligent in failing to take additional precautions for student safety. We decline to address that argument. Whether plaintiff preserved that assignment of error is doubtful and, even if she did, she has not assigned error to any ruling by the trial court denying her request to amend her complaint.

Given that conclusion, we need not reach plaintiff's arguments about whether CHS's principal had been delegated authority to authorize an open campus during CHS's lunch period.

Defendant objected to the statement as inadmissible hearsay.